# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*4:11 pm, Feb 24, 2025*
**JEFFREY P. COLWELL, CLERK**

___Jesus Ronquillo_____, Plaintiff

v.

___The Colorado Parole Board_____,

**Jury Trial requested:**
(please check one)
__X__ Yes _____ No

___Catherine Rodriguez_____,

___Randi Moore_____,

___See Attached - Defendant Information pg. 7___, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Jesus Ronquillo #153307 PO Box 999 Canon City, CO 81215
(Name, prisoner identification number, and complete mailing address)

N/A
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
_X_ Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    Colorado Parole Board (The Board)
(Name, job title, and complete mailing address)

940 Broadway Denver, CO 80203  (303) 763-2420

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

The Board acting in a quzi-judicial manner held a Parole hearing in which my

Procedural Due Process Rights were violated

Defendant 1 is being sued in his/her ___ individual and/or _X_ official capacity.

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

Defendant 2: __**Catherine Rodriguez, Colorado Parole Board Member**__
(Name, job title, and complete mailing address)

_940 Broadway Denver, CO 80203 (303) 763-2420_

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __X__ Yes ___ No (*check one*). Briefly explain:

__Was a member of the Colorado Parole Board who was part of the Hearing__

__In which my rights were violated__

Defendant 2 is being sued in his/her __X__ individual and/or __X__ official capacity.

Defendant 3: __**Randi Moore, Colorado Parole Board Member**__
(Name, job title, and complete mailing address)

_940 Broadway. Denver, CO 80203 (303) 763-2420_

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __x__ Yes ___ No (*check one*). Briefly explain:

__Was a member of the Colorado Parole Board who was part of the Hearing__

__In which my rights were violated__

Defendant 3 is being sued in his/her __x__ individual and/or __x__ official capacity.

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

__x__    State/Local Official (42 U.S.C. § 1983)

___    Federal Official
As to the federal official, are you seeking:
___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
___ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

___    Other: (*please identify*) _____

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:    The board violated my 14th amendment rights to Procedural Due Process

Claim one is asserted against these Defendant(s):

All Defendants

Supporting facts:  **additional paper is attached**

1. Mr. Ronquillo is a convicted state prisoner currently being held at Fremont Correctional

   Facility (FCF)

2. In case number 10CR3364 and 10CR1677 he was sentenced to the Colorado Dept. of

   Corrections (CDOC) for a total of 24 years, determinate. With and attached 5 year mandatory

   parole.

3. Those cases were and are considered to be sex offenses, though the sentencing is under the

   determinate sentencing scheme and not the sex offender lifetime sentencing act (SOLSA)

4. Mr. Ronquillo is considered to be low to low/medium security and risk for recidivism. Further

   since his arrival in CDOC back in 2011 he has never received a COPD violation.

5. On 8/12/24 Mr. Ronquillo went before the Colorado Parole Board (the Board) for the 6th time.

   After a full board review he was again denied discretionary parole and deferred for 2 years.

**E.    PREVIOUS LAWSUITS**

4

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _x_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _____N/A_____

Docket number and court: _____N/A_____

Claims raised: _____N/A_____

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) _____N/A_____

Reasons for dismissal, if dismissed: _____N/A_____

Result on appeal, if appealed: _____N/A_____

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

　　_x_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

　　_x_ Yes ___ No (*check one*)

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Injunctive Relief in the form of a re-hearing before the Board

Punitive damages in a total of $50,000

Reimbursement for all Court filing fees, court costs, and all other associated costs

Reimbursement for all Attorney filing fees, costs, and all other associated costs

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature)

2—21—25
(Date)

(Revised November 2022)

6

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

## "B. DEFENDANT(S) INFORMATION."

Defendant 4: **Joe Moralez, Colorado Parole Board Memeber**
(Name, job title, and complete mailing address)

940 Broadway Denver, CO 80203 (303) 763-2420

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  x  Yes ___ No (*check one*).  Briefly explain:

Was a member of the Colorado Parole Board who was part of the Hearing

In which my rights were violated

Defendant 3 is being sued in his/her  x  individual and/or  x  official capacity.


Defendant 5: **Greg Saiz, Colorado Parole Board Member**
(Name, job title, and complete mailing address)

940 Broadway Denver, CO 80203 (303) 763-2420

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  x  Yes ___ No (*check one*).  Briefly explain:

Was a member of the Colorado Parole Board who was part of the Hearing

In which my rights were violated

Defendant 3 is being sued in his/her  x  individual and/or  x  official capacity.


Defendant 6: **Darlenr Alcala, Colorado Parole Board Member**
(Name, job title, and complete mailing address)

940 Broadway Denver, CO 80203 (303) 763-2420

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  x  Yes ___ No (*check one*).  Briefly explain:

Was a member of the Colorado Parole Board who was part of the Hearing

In which my rights were violated

Defendant 3 is being sued in his/her  x  individual and/or  x  official capacity.



Defendant 7:    **Stephen Holmes, Colorado Parole Board Member**
(Name, job title, and complete mailing address)

940 Broadway Denver, CO 80203 (303) 763-2420

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _x_ Yes ___ No (*check one*). Briefly explain:

Was a member of the Colorado Parole Board who was part of the Hearing

In which my rights were violated

Defendant 3 is being sued in his/her _x_ individual and/or _x_ official capacity.

Defendant 8:    Lakisha Sharp, Colorado Parole Board Member
(Name, job title, and complete mailing address)

940 Broadway Denver, CO 80203 (303) 763-2420

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _x_ Yes ___ No (*check one*). Briefly explain:

Was a member of the Colorado Parole Board who was part of the Hearing

In which my rights were violated

Defendant 3 is being sued in his/her _x_ individual and/or _x_ official capacity.

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

## *"D. STATEMENT OF CLAIMS."*

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

6. As stated in the Boards denial the cause for denying Mr. Ronquillo's parole was his untreated criminogenic needs and was referred for "Specialized Treatment as Needed". After conference with his Case Manager it became clear that this was in regard to not having taken and completed the Sex Offender Treatment Program (SOTP)

7. Mr. Ronquillo was also instructed by the board that they recommend that he "Transition through Community Corrections, pursuant to 18-1.3-301, CRS.

### Class Definition

Mr. Ronquillo is a United States citizen and resident of the state of Colorado. He is a state prisoner who has been sentenced for a determinate 24 years as a sex offender. Further he was denied for discretionary parole for not having completed the SOTP through no fault of his own.

### Legal precedence and Relevant State Statute

1. In Boutwell v. Keating, 399 F3d 1203; "A state Parole Statute can create a liberty interest when the statute's language and structure sufficiently limits the discretion of the parole board"

2. This can be clearly seen in CRS 16-11.7-103 section (4)_(m)_(I) which states:

   (m) Release guideline instrument for sex offenders with determinate sentences.

   (I)    On or before December 1, 2023, and as indicated thereafter, the board, in collaboration

9

with the state board of parole, shall revise the specific sex offender release guideline instrument, as required by section 17-22.5-404 (4)(c)(II), for use by the state board of parole for those inmates classified as sex offenders with determinate sentences.

3. The revised release guideline instrument must incorporate the concepts of risk-need-responsivity or another evidence-based correctional model and must be as flexible as possible to ensure that the programs necessary can be timely accessed by the adult sex offender to prevent the offender from harming victims or potential victims.

4. The revised release guideline instrument must consider the intersection of the guideline instrument with the factors outlined in section 17-22.5-404 (4)(a); however, **the release guideline instrument must not include the offender's inability to access treatment during incarceration**, when determined to be eligible for treatment within the department of corrections, as a basis for denial of parole. (Emphasis added)

5. As can be seen in Mr. Ronquillo's submitted documents the change in this State Statute which was required to be done on or before December 1st, 2023 is still not taking place and he was once again denied Discretionary parole for not having completed the SOTP.

6. "The supreme Court has held [*1213] that HN15 a state's parole statute can create a liberty interest in the expectancy of parole. See Bd. Of pardens v. allen, 482 U.S. 369, 381, 96 L.Ed. 2d 303, 107 S. Ct 2415 (1987); Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S 1, 12, 60 L. Ed. 2d 668, 99 S. Ct 2100 (1979) **Specifically, a state statute can creat a liberty intrest when the statute's language and structure sufficiently limits the discretion of a parole board. (emphasis Added)** See Allen, 482 U.S. at 377-78 (determining that a parole statutue created a liberty interest in the expectancy of parole by its use of mandatory language)

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

7. Here the Board and its members chose of their own volition to continue to deny Mr. Ronquillo discretionary parole on the grounds that he has not completed the SOTP. As stated above Mr. Ronquillo is not requesting to be released or in any way attacking the validity of the fact or length of his confinement.

8. Simply put it is the reason for that denial that requires a readjustment of the parole procedures, as they are outlined in State Statute.

9. As explained in the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), habeas corpus, and not civil rights action, "is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement" Id. At 490, 93 S. Ct. 1836. **On the other hand, a civil rights action under 42 U.S.C 1983 may be appropriate if the inmate is seeking damages or to require a readjustment of parole proceedures. See** Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S 1, 99 S. Ct 2100, 60 L.Ed. 668 (1979); Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (Emphasis Added)

10. Here Mr. Ronquillo is simply seeking two things. First, Punitive Damages in the amount of $50,000. Or to be reassessed by the Court and second a re-hearing before the Board using the correct **"Parole Release Procedures"** as outline in CRS 16-11.7-103 and 8CCR1511-1

11. As stated in "In re Question Concerning State Judicial Review of Parole Denial etc., 199 Colo. 463" @HN8 "Colo. Rev. Stat. § 17-2-201 (1978 Repl.) creates certain statutory duties which the Colorado State Board of Parole (board) must perform in making its decision: e.g., the duty to interview the inmate under § 17-2-201(9)(a). It is only when the board has failed to exercise its statutory duties that the courts of Colorado have the power to review the board's actions."

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

12. Regardless of rather Mr. Ronquillo is entitled to monetary relief in the form of a Punitive damages award, he is still entitled to Injunctive Relief by these defendants for their role in violating Mr. Ronquillo's constitutional rights. As stated under Pulliam V. Allen, 466 U.S. 522, 541-42, 80 L. Ed. 2d 565, 104 S. Ct. 1970 (1984), "injunctive relief remains available despite judicial immunity."

13. Even so Mr. Ronquillo contests that the Board and its members should not be granted "absolute immunity" because of their deviation from Colorado Statute. Said simply they broke the law knowingly, capriciously, and with deliberate intent.

14. As stated in Russ v. Uppah, 972 F.2d 300, 303 @ HN3 "State Sovereign Immunity, State Immunity; Suits against state officials in their official capacity are in essence suits against the state. Therefore, the Eleventh Amendment bars damages sought against state officials sued in their official capacity**. However, state officials may nonetheless be sued in their individual capacities for actions performed in the course of their official duties and are personally liable for damages awarded.** (emphasis added)

15. Thus here Mr. Ronquillo is suing the Board in its official and individual capacities and seeking both relief from both stations.

### Conclusion

In conclusion it is clear that this law sufficiently limits the scoop of the statutory duties of the Colorado Parole Board. They chose to examine Mr. Ronquillo parole eligibility in light of the same release guideline as the SOLSA and offenders who have been sentenced under that act,

which states that indeterminate sentences must progress in treatment prior to release onto parole. Furthermore it is clear that this black letter law is clear and without room for misinterpretation stating clearly that the Board will not use Mr. Ronquillo lack of treatment as grounds for denying his discretionary parole.

As the documents that Mr. Ronquillo is providing along with this submission show there cannot be a question as to the material fact that this situation has occurred. Therefore the only question is if Mr. Ronquillo is entitled to the fulfillment of this CRS. Mr. Ronquillo contests that his rights in this matter rightly fall under the 14th amendment and specifically his rights to Procedural Due Process. As such he respectfully submits this opening brief for the Courts Judgment.

Mr. Ronquillo is not requesting to be paroled and is not making any claim to having a liberty interest in being paroled prior to the completion of his valid sentence to the CDOC. Only in the Due Process right that has sufficiently limits the actions of the parole board that they **CHOSE** to ignore and that their **CHOICE** to take the law into their own hands violates their statutory obligations to the state and as a consequence has caused me injury.

Respectfully Submitted

original Form provided to Inmate Ronquillo #153307 at no charge by the CDOC LAP

Mr. Jesus Ronquillo

2-21-25
(Date)

13

## NOTICE OF COLORADO PAROLE BOARD ACTION - DEFER

| ☑ Full Board Review | ☐ Amend | DOC# **153307** | | | | Date **08/12/2024** | Tape No. **15436** |
|---|---|---|---|---|---|---|---|
| | | Location **FREMONT** | | | | Sent Type **MANDATORY - 5 yrs.** | |
| Name **RONQUILLO, JESUS M** | | | | | | EST PED        MRD        SDD<br>**02/12/2018    02/12/2030** | |

| OFFENSE | CLS | GOV | COUNTY | CASE # | SENTENCE | TYPE | SVP |
|---|---|---|---|---|---|---|---|
| 3. WRNGCHLDEXPT | 3 | B | JEFFERSON | 10CR3364 | MIN: 10-00-00<br>MAX: 10-00-00 | IN | Y |
| 4. SXASCHLD | 5 | | JEFFERSON | 10CR3364 | MIN: 03-00-00<br>MAX: 03-00-00 | IN | Y |
| 5. WRNGCHLDEXPT | 3 | B | JEFFERSON | 10CR1677 | MIN: 11-00-00<br>MAX: 11-00-00 | IN | Y |
| 6. SXASCHLDTRST | 5 | B | JEFFERSON | 10CR1677 | MIN: 03-00-00<br>MAX: 03-00-00 | IN | Y |

☑ DEFER: **Date 09/2026**
☑ OTHER: **CONSIDER STRUCTURED TRANSITION THROUGH COMMUNITY.**

| | Hearing Non-Appearance: |
|---|---|

RECOMMEND: Transition through community corrections, pursuant to 18-1.3-301, CRS.
☑ Refer with specialized treatment as warranted

| Defer Reasons: RISK RELATED | Defer Reasons: READINESS RELATED |
|---|---|
| **Risk Assessment**<br>☑ CARAS:    (dated **07/31/2024**) score **128**    **LOW**<br>☑ LSI-R:    (dated **03/10/2011**) score **21**    **MEDIUM**<br>☑ RT:    (dated **11/2/2023**) score **2** Low | **Program Considerations**<br>☑ Untreated Criminogenic Needs/Insufficient Tx Dosage |
| | **Parole Plan Considerations** |
| **Risk Considerations**<br>☑ Public risk (Concerns for public safety)<br>☑ Severity/Circumstances of offense<br>☑ Sexual Violence | |

| State Parole Board Signatures | |
|---|---|
| The undersigned hereby certify that all, but not limited to, parole guidelines set forth in CRS 17-22.5-404(2),(3), and (4) were taken in to consideration as per statute. [The 2nd and/or additional signatures, if not actually present at the hearing, are signed indicating they 'reviewed' the action, pursuant to CRS 17-2-201(9)(a)(I)] | |
| 1) CATHERINE RODRIGUEZ | 5) DARLENE ALCALA |
| 2) RANDI MOORE | 6) STEPHEN HOLMES |
| 3) JOE MORALES | 7) LAKISHA SHARP |
| 4) GREG SAIZ | |

217920

**Distribution:** ☑ Parole Board ☑ D.O.C. Records ☑ Time Comp ☑ Working File ☐ Inmate

Case Manager    Gomez

AR Form 850-04B (12/01/18)

## Offender Grievance

**Offender Must Complete**

Name: Jesus Ronquillo                                                    DOC #: 153307

Grievance number (complete for Steps 2 and 3, only): Step 1

| Instructions: | |
|---|---|
| 1. Fill out identifying data in space provided. (Must be legible.) | This space must remain blank |
| 2. Clearly state basis for grievance or grievance appeal. | This space must remain blank |
| 3. State specifically what remedy you are requesting. | This space must remain blank |
| 4. Remedy must remain consistent. | This space must remain blank |

Subject of Grievance and Requested Meaningful Remedy:

I am serving a sentence of 24 years for sexual assault, on August 2024 the Board of Parole Hearing found that I was not suitable for release to parole. I became elegible for parole 2 2018. I'm challenging the Parole decision because they have violated my due process rights. I've been denied parole six times already. The Board continues to deter- mine I need to take SOTMP, which I can- not do because of my MRD 2030. This violates my six Amendment and Parole Board is abusing their descresion by holding me until I take SOTMP. Since policy for bids me to take classes in prison, my only option is to attend classes out side of prison.

Remedy: Allow me parole Asap due to D.O.C. policy that contradicts the Parole Board Rullings.

Offender Signature: _[signature]_                    Date: 9-25-24

*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: FCF 117 N/A | Step (Circle one) 1  2  3 |
|---|---|---|

Signature: _[signature]_

Print Name and DOC Employee ID #: Gila Gomez  16946

Date received: 9/25/2024

RECEIVED
SEP 25 2024

Attachment B
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 09/26/2024    Grievance Coordinator & ID # POTHOVEN, JEANNIE (29733)

### RESPONSE

Upon review of your grievance I have found that Per AR 850-04 IV.D.2.d. Parole Board Appeals, if available, are governed by the enacted Rules and Regulations of the Parole Board. This is listed as an item that the grievance procedure may not be used to seek review of. Furthermore, per the State Board of Parole Rules Governing the State Board of Parole and Parole Proceedings 8 CCR 1511-1 3.03 Appeals. Decisions resulting from Parole Applications are not subject to appeal. I must therefore Deny this grievance.

## TO BE COMPLETED BY RESPONDER

Date 09/26/2024    Responder Name & ID # GARCIA, ADAM (22622)    Response Date 09/26/2024

**Disposition**                    **Denied**

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name RONQUILLO, JESUS    DOCNO 153307    Grievance # R-FF24/25-00268601-1

Date: 9-26-24    Offender Signature: _[signature]_

Original: Department file/AIC                    Copies: Administrative Head, Offender

CM Gomez

AR Form 850-04B (12/01/18)

## Offender Grievance

**Offender Must Complete**

Name: Jesus Ronquillo    DOC #: 153307

Grievance number (complete for Step 2 and 3, only): Step 2

Instructions: R-FF24/25-0026B601-2

| 1. Fill out identifying data in space provided. (Must be legible.) | This space must remain blank |
| 2. Clearly state basis for grievance or grievance appeal. | This space must remain blank |
| 3. State specifically what remedy you are requesting. | This space must remain blank |
| 4. Remedy must remain consistent. | This space must remain blank |

Subject of Grievance and Requested Meaningful Remedy: I am serving a sentence of 24 yrs for sexual assault. On August 2024 The Board or Parole Hearing found that I was not suitable for release to parole. I became eligible for Parole in 2017. I'm challenging the Parole decision, because they have violate my due process rights. I've been denied Parole six different times. The Board continues to determine I need to take SOTMP which I can not do because of my MRD 2028. This violates my six Amendment right and the Parole Board is abusing their discresion by holding me until I take SOTMP. The Laws statues states four year before one PED. Since policy forbids me to take classes in prison, my only option is to attend classes outside of prison. Remedy: I want to be put in SOTMP immediately because DOC policies are contradicting and conflicting with the Laws, and you are violating my due process right under the constitution of the United States.

Offender Signature: _____    Date: 9-30-24

*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: | Step (Circle one) 1 (2) 3 |
| Signature: Carla Gomez | | |
| Print Name and DOC Employee ID #: Carla Gomez  167446 | Date received: 9/30/2024 | |

Attachment B
Page 1 of 1

RECEIVED
OCT 0 1 2024

(C)

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 10/01/2024    Grievance Coordinator & ID # POTHOVEN, JEANNIE (29733)

**RESPONSE**

Per AR 850-04 Grievance Procedure Section IV/C/2.
2. This grievance procedure may not be used to seek review of the following:
d. Parole Board Appeals, if available, are governed by the enacted Rules and Regulations of the parole board.

Per AR 850-04 Grievance Procedure Section IV/C/7: A substantive issue or remedy may not be added at a later step if it has not been contained in each previous step of that particular grievance. The issue and remedy contained in the original grievance must be incorporated into each subsequent step of the grievance. Failure to renew each element of the complaint and/or requested relief in subsequent steps will be deemed a waiver of those elements and/or requested remedy.

I am denying your grievance due to the above listed policy violations.

## TO BE COMPLETED BY RESPONDER

Date 10/01/2024    Responder Name & ID # WARNER, CASEY (5281)    Response Date 10/14/2024

**Disposition**                    **Denied**

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name RONQUILLO, JESUS    DOCNO 153307    Grievance # R-FF24/25-00268601-2

Date: 10-17-24    Offender Signature: _____

Original: Department file/AIC    Copies: Administrative Head, Offender

AR Form 850-04B (12/01/18)

## Offender Grievance

**Offender Must Complete**

| Name: Jesus Ronquillo | DOC #: 153307 |
|---|---|

Grievance number (complete for Steps 2 and 3, only): Step 3
Instructions: R-FF24/25-0026860L-3

| | |
|---|---|
| 1. Fill out identifying data in space provided. (Must be legible.) | This space must remain blank |
| 2. Clearly state basis for grievance or grievance appeal. | This space must remain blank |
| 3. State specifically what remedy you are requesting. | This space must remain blank |
| 4. Remedy must remain consistent. | This space must remain blank |

**Subject of Grievance and Requested Meaningful Remedy:**

I am serving a sentence of 24 yrs for sexual assalt. On August 2024 the Board of Parole hearing found that I was not suitable for release to parole. I became eligible for parole in 2017. I'm Challengin the parole decision because they have violate my due process rights. I've been denied parole six different times. The Board continues to determine I need to take SOTMP which I can not do because of my MRD 2029. This violates my six Amendment right and the parole board is abusing their discresion by holding me until I take SOTMP. The Law statues state four year before one PED. Since policy forbids me to take classes in prison, my only option is to attend classes out side of prison. Remedy: I want to be put in SOTMP immediately because DOC policies are contridicting and conflicting with the Laws, and you are violating my due process right under the constitution of the United States.

| Offender Signature: | Date: 10-21-24 |
|---|---|

*By signing this form the offender recognizes and waives confidentiality on records necessary to address this grievance

| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: FCF 117N-121 | Step (Circle one) 1  2  ③ |
|---|---|---|

| Signature: | Date received: 10/21/2024 |
|---|---|
| Print Name and DOC Employee ID #: Carla Gomez 167426 | |

Attachment B
Page 1 of 1

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 10/23/2024 | Grievance Coordinator & ID # FORD, TAYLOR (31883) |
|---|---|

### RESPONSE

I have reviewed your Step 3 grievance that you filed with regard to parole.

The Step 2 grievance that you filed in this matter is inconsistent with the Step 1 grievance that was previously considered. The grievance procedure is outlined in Administrative Regulation 850-04. Only one issue may be addressed, per grievance. In AR 850-04 at D. 7. it states, "All issues and remedies contained in the original grievance must be incorporated into each subsequent step of the grievance. Failure to renew each element of the complaint and/or requested relief in subsequent steps shall be deemed a waiver of those elements and/or requested remedy."
Step 1 remedy: Allow you to parole.
Step 2 remedy: Place you in SOTMP.

Matters that are not subject to the grievance procedure are outlined in Administrative Regulation 850-04, IV. D. 2. The subject of your grievance is not an issue which the grievance process was designed to address. Please check the AR for the appropriate remedy, if any. The language in the AR indicates, the grievance procedure may not be used to seek review of parole board decisions.

The time constraints outlined in AR # 850-04 are now expired regarding these events, so there will be no further review of this matter.

You failed to follow the grievance procedure in this matter, and because this is not a valid method for review of your issue; you have not exhausted your administrative remedies. This is the final administrative response in this matter.

## TO BE COMPLETED BY RESPONDER

| Date 11/20/2024 | Responder Name & ID # GRIFFITH, MARSHALL (14298) | Response Date 11/25/2024 |
|---|---|---|

| **Disposition** | **Not exhausted** |
|---|---|

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name RONQUILLO, JESUS | | DOCNO/153307 | Grievance # R-FF24/25-00268601-3 |
|---|---|---|---|
| Date: 12-04-24 | Offender Signature: | | |



**MEMORANDUM**

**Date:** **4-10-24**
**To:** **Ronquillo, Jesus 153307**
**From:** SOTMP
**RE:** Treatment Status

Ronquillo,

You are correct that due to several reasons, one being you have a determinant sentence, that you will most likely not be participating in treatment in DOC. We do not write "Reference Letters" for anyone whether a person is in treatment or not. All of the documentation we would provide would be treatment related documents and only provided for those that are currently or have previously been in treatment in DOC.

Thank you,

Shannon Folz, MS, LPC
Sex Offender Treatment and Monitoring Program
Colorado Department of Corrections





**COLORADO**
Department of Corrections
Fremont Correctional Facility

FCF Division of Clinical Services
P. O. Box 999
Canon City, CO 81215
P 719.269.5024
F 719.269.5040

**MEMORANDUM**

**Date:**  **8-23-2023**
**To:**  **Ronquillo, Jesus #153307**
**From:** SOTMP
**RE:**  SOTMP Status

Mr. Ronquillo,

A review of your letter and the concern you presented was completed.  Mr. Ronquillo, if the Sex Offender Treatment & Monitoring Program (SOTMP) understands your request, you feel like you should be placed immediately into treatment.  First Mr. Ronquillo, congratulations on taking the steps necessary to participate in SOTMP Treatment!  A review of your records indicates you are currently on the Colorado Department of Corrections (DOC) Global Referral Wait-List for SOTMP Treatment and are now waiting for your opportunity to participate.

1.  Mr. Ronquillo, in looking at your treatment placement concern, please note that DOC Administrative Regulation (AR) 700-19 outlines the prioritization for clients for SOTMP treatment placement.  This regulation notes

    "Offenders with judicial determinations of a sex crime that are within four years of their parole eligibility date are prioritized for sex offense specific treatment based upon, but not limited to, the following:

    a.  Parole eligibility date;
    b.  Risk for sexual recidivism;
    c.  Prior SOTMP treatment opportunities;
    d.  Institutional behavior."

Mr. Ronquillo, due to the lifetime supervision act the SOTMP prioritizes those who have a liberty interest over those who have a mandatory release date. You are on the list for treatment and if your placement on the GRL comes up before your MRD, you will be placed in treatment.

Jared Polis, Governor | Moses "Andre" Stancil, Executive Director



Your current status appears correct as you are on the DOC Global Referral Wait-list for SOTMP Treatment and will be placed into treatment based upon DOC AR 700-19 prioritization.

Nevertheless, the DOC and SOTMP would like to encourage you to participate in any DOC treatment, including your future opportunity at SOTMP treatment. The DOC is dedicated to providing opportunities for a client's potential success. Research of the SOTMP and other treatment programs has shown to have an impact on recidivism. As such Mr. Ronquillo, the SOTMP hopes that this information will aide you in knowing that clients who are motivated and participate in the SOTMP and other treatment programs tend to be more successful when released. The SOTMP hopes that you take advantage of this or any other DOC treatment opportunity

James Bailey,
Fremont Correctional Facility
Sex Offender Treatment and Monitoring Program

COLORADO DEPARTMENT OF CORRECTIONS

LEGAL ACCESS PROGRAM

## REQUEST FOR PRISONER ELECTRONIC SCANNING (PEF) | COVER PAGE

INCOMPLETE FORMS WILL BE DENIED.                    TODAY'S DATE: 2 – 21 – 25

LAST NAME: Ronquillo    FIRST INITIAL: Jesus    DOC#: 153307

FACILITY: FCF    HOUSING UNIT: 7    TIER: N–112    CELL: 1/2

## STATE THE TYPE OF DOCUMENT BEING SENT:

X 42 USC §1983 INITIAL COMPLAINT (FORM=6 PGS.) TOTAL PGS. BEING SENT: 20 pgs.

⚡ 28 USC §1915 INFORMA PAUPERIS 1983 COMPLAINT (FORM 4 PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2241 APPLICATION FOR A WRIT OF HABEAS CORPUS (FORM=4PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2254 APPLICATION FOR A WRIT OF HABEAS CORPUS (FORM=6PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2255 APPLICATION FOR A WRIT OF HABEAS CORPUS (FORM=5 PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §1915 INFORMA PAUPERIS FOR HABEAS (FORM=2PGS) TOTAL PGS. BEING SENT: _____

☐ Other: please list document(s) here with page number for each document:

_____

_____

*OFFENDER MUST PROVIDE COURT ORDER TO CURE DEFICIENCIES TO LEGAL ASSISTANT

☐ CHECK HERE IF THIS IS AN AMENDED COMPLAINT _____

☐ CHECK HERE IF THIS IS IN RESPONSE TO CURE DEFICIENCY _____

OFFENDER SIGNATURE _____
(Sign on this line)

## DO NOT WRITE BELOW THIS LINE

Date Request Received: FEB 2 4 2025    Facility Law Library: FCF    Legal Assistant's Initials: CJJ

TOTAL PAGES WITH THIS FAX, INCLUDING THIS COVER PAGE: 21 pgs

Your request has been **DENIED**: _____ in whole _____ in part for the following reason(s):

_____ Your request form was not properly completed (Missing required signature, last name, first initial, full cell location, facility, unit, tier, cell, DOC #, date, etc.)

_____ The material you have submitted does not meet program definitions of legal material, as described in AR 750-01.

_____ Your PEF request exceeds the page limit established by the Legal Access Program (see attached). Also see posted PEF policies.

_____ You have not submitted the documents to be scanned.

_____ The Legal Access Program will not allow scanning/transmission of ARs, IAs, OMs, case law, statutes, court rules, session laws, or material contained in the law library, even as attachments/exhibits (Exception for non-published case law to be attached to a pleading.)

_____ The Legal Access Program will not allow scanning/transmission of transcripts, electronic or paper media, including but not limited to transcripts, court records, and discovery from courts or attorneys, incomplete documents, altered documents, and/or blank forms.

_____ The Legal Access Program will not allow scanning/transmission of non-original documents, previously copied/scanned documents, incoming correspondence, or documents (account statements, mittimus, etc.), grievances, COPD appeals, except as exhibits attached to an original pleading being filed with the court. Your pleading must include a statement referring to the attached exhibits in order for them to be scanned/transmitted.

_____ The Legal Access Program will not allow scanning/transmission of documents which have any substance on them (such as dirt, food, coffee, hair, bodily secretions, glue, tape, toothpaste, etc.

_____ Documents containing UCC Sovereign citizen statements or signatures will not be allowed to be scanned/transmitted.

_____ You may bring your request into compliance and resubmit.

Other _____

METER END _____    MINUS (-) METER BEGIN _____    EQUALS (=) TOTAL ADMIN COPIES _____