IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*8:44 am, Mar 28, 2025*
JEFFREY P. COLWELL, CLERK

Civil Action No.    25-CV-00608-RTG_____
                    (To be supplied by the court)

____Jesus Ronquillo_____, Plaintiff

v.

____The Colorado Parole Board_____,

____Catherine Rodriguez_____,

____Randi Moore_____,

____See Attached_____, Defendant(s).

Jury Trial requested:
(please check one)
___ Yes __X__ No

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A.  **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Jesus Ronquillo #153307 PO Box 999 Canon City, CO 81215
(Name, prisoner identification number, and complete mailing address)

N/A
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
_X_ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____

B.  **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Colorado Parole Board (The Board)
(Name, job title, and complete mailing address)

940 Broadway Denver, CO 80203    (303) 763-2420

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

The Board acting in a quzi-judicial manner held a Parole hearing in which my

Procedural Due Process Rights were violated

Defendant 1 is being sued in his/her ___ individual and/or _X_ official capacity.

2

Defendant 2: **Catherine Rodriguez, Colorado Parole Board Member**
(Name, job title, and complete mailing address)

940 Broadway Denver, CO 80203      (303) 763-2420

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*). Briefly explain:

Was a member of the Colorado Parole Board who was part of the Hearing

In which my rights were violated

Defendant 2 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 3: **Randi Moore, Colorado Sex Offender Management Board with CDOC**
(Name, job title, and complete mailing address)

1250 Academy Park Loop, Colorado Springs, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _x_ Yes ___ No (*check one*). Briefly explain:

Is a member of the Colorado Sex Offender Management Board with CDOC

And is personally responsible for my rights being violated

Defendant 3 is being sued in his/her _x_ individual and/or _x_ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_x_  State/Local Official (42 U.S.C. § 1983)

___  Federal Official
As to the federal official, are you seeking:
___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
_X_ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

___  Other: (*please identify*) _____

D. **STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:   The board violated my 14th amendment rights to Procedural Due Process

Claim one is asserted against these Defendant(s):

The Colorado Parole Board and its individual members

Supporting facts: **additional paper is attached**

1. Mr. Ronquillo is a convicted state prisoner currently being held at Fremont Correctional Facility (FCF)

2. In case number 10CR3364 and 10CR1677 he was sentenced to the Colorado Dept. of Corrections (CDOC) for a total of 24 years, determinate. With and attached 5 year mandatory parole.

3. Those cases were and are considered to be sex offenses per the definitions set forth in C.R.S. 16-11.7-102, though the sentencing is under the determinate sentencing scheme and not the sex offender lifetime sentencing act (SOLSA)

4. Mr. Ronquillo is considered to be low to low/medium security and risk for recidivism. Further since his arrival in CDOC back in 2011 he has never received a COPD violation.

5. On 8/12/24 Mr. Ronquillo went before the Colorado Parole Board (the Board) for the 6th time. After a full board review he was again denied discretionary parole and deferred for 2 years.

4

### E.  PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _x_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _____

Docket number and court: _____

Claims raised: _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed: _____

Result on appeal, if appealed: _____

### F.  ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   _x_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   _x_ Yes ___ No (*check one*)

5

G. **REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

1. Declaratory/Injunctive relief in the form of a Court order stating the Colorado Parole Board is required to adhere to Colorado Statute, specifically CRS 16-11.7-103 section (4)_(m)_(I)

2. Declaratory/Injunctive relief in the form of a Court order stating the SOMB has a **statutory obligation** to provide sex offender treatment to **ALL** offenders who are required per 16-11.7-105 (1)

3. Punitive damages in a total of $250,000, against the SOMB and its members

4. Reimbursement for all Court filing fees, court costs, and all other associated costs

5. Reimbursement for all Attorney filing fees, costs, and all other associated costs

H. **PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

3-28-25
(Date)

(Revised November 2022)

## "B. DEFENDANT(S) INFORMATION."

Defendant 4:   __Joe Moralez, Colorado Parole Board Memeber__
(Name, job title, and complete mailing address)

__940 Broadway Denver, CO 80203         (303) 763-2420__

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _x_ Yes ___ No (*check one*). Briefly explain:

__Was a member of the Colorado Parole Board who was part of the Hearing__

__In which my rights were violated__

Defendant 4 is being sued in his/her ___ individual and/or _x_ official capacity.


Defendant 5:   __Greg Saiz, Colorado Parole Board Member__
(Name, job title, and complete mailing address)

__940 Broadway Denver, CO 80203         (303) 763-2420__

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _x_ Yes ___ No (*check one*). Briefly explain:

__Was a member of the Colorado Parole Board who was part of the Hearing__

__In which my rights were violated__

Defendant 5 is being sued in his/her ___ individual and/or _x_ official capacity.


Defendant 6:   __Darlenr Alcala, Colorado Parole Board Member__
(Name, job title, and complete mailing address)

__940 Broadway Denver, CO 80203         (303) 763-2420__

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _x_ Yes ___ No (*check one*). Briefly explain:

__Was a member of the Colorado Parole Board who was part of the Hearing__

__In which my rights were violated__

Defendant 6 is being sued in his/her ___ individual and/or _x_ official capacity.

Defendant 7:   **Stephen Holmes, Colorado Parole Board Member**
(Name, job title, and complete mailing address)

940 Broadway Denver, CO 80203     (303) 763-2420

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _x_ Yes ___ No (*check one*). Briefly explain:

Was a member of the Colorado Parole Board who was part of the Hearing

In which my rights were violated

Defendant 7 is being sued in his/her ___ individual and/or _x_ official capacity.


Defendant 8:   **Lakisha Sharp, Colorado Parole Board Member**
(Name, job title, and complete mailing address)

940 Broadway Denver, CO 80203     (303) 763-2420

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ___ Yes ___ No (*check one*). Briefly explain:

Was a member of the Colorado Parole Board who was part of the Hearing

In which my rights were violated

Defendant 8 is being sued in his/her ___ individual and/or _x_ official capacity.


Defendant 9:   **James Bailey, Colorado Sex Offender Management Board with CDOC**
(Name, job title, and complete mailing address)

1250 Academy Park Loop, Colorado Springs, CO 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _x_ Yes ___ No (*check one*). Briefly explain:

Is a member of the Colorado Sex Offender Management Board with CDOC

And is responsible for my rights being violated

Defendant 9 is being sued in his/her _x_ individual and/or _x_ official capacity.

Defendant 10: __**Shannon Folz, Colorado Sex Offender Management Board with CDOC**__
(Name, job title, and complete mailing address)

__1250 Academy Park Loop, Colorado Springs, CO 80910__

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _x_ Yes ___ No (*check one*). Briefly explain:

__Is a member of the Colorado Sex Offender Management Board with CDOC__

__And is responsible for my rights being violated__

Defendant 10 is being sued in his/her _x_ individual and/or _x_ official capacity.

## "D. STATEMENT OF CLAIMS."

6. As stated in the Boards denial the cause for denying Mr. Ronquillo's parole was his untreated criminogenic needs and was referred for "Specialized Treatment as Needed". After conference with his Case Manager it became clear that this was in regard to not having taken and completed the Sex Offender Treatment Program (SOTP)

7. Mr. Ronquillo was also instructed by the board that they recommend that he "Transition through Community Corrections, pursuant to 18-1.3-301, CRS."

8. Mr. Ronquillo would like to make it clear to the Court and the Defendants that he is ONLY seeking Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201 in this specific matter.

9. Further Mr. Ronquillo is requesting that the Court review this matter under the Erie Doctrine[1]

**CLAIM TWO:** _Mr. Ronquillo rights under the 8th and 14th amendments were violated___

Claim two is asserted against these Defendant(s):

The Colorado Sex Offender Management Board (SOMB) and its individual members, Defendants Bailey and Moore

Supporting facts:

1. As stated above Mr. Ronquillo arrived in CDOC back in 2011.

---

[1] Federal & State Interrelationships, Erie Doctrine
"Although the underlying substantive interest is created by an independent source such as state law, federal constitutional law determines whether that interest rises to the level of a "legitimate claim of entitlement" protected by the Due Process Clause. Resolution of the federal issue begins, however, with a determination of what it is that state law provides."

2. At that time he was seen by a mental health diagnostician. That individual then declared that Mr. Ronquillo was required to undergo the Sex Offender Treatment Program (SOTP) and labeled him an S5. (A CDOC code that denotes that he was adjudicated and convicted of a sex offense and is required to take the SOTP.)

3. As of 3/21/2025 Mr. Ronquillo has never been given the opportunity to participate in the SOTP despite numerous attempts to do so.

4. On numerous occasions Mr. Ronquillo has been denied going to a lower security prison on the sole grounds that he has not taken or completed the SOTP. His reclassification report even states that he is being overridden to Medium security for the purpose to attend the SOTP.

5. Mr. Ronquillo has demonstrated his Desire and Need to receive this mental health treatment and makes the claim that through no fault of his own his Mental Health needs are not being treated, in violation of the 8th amendment.

6. Mr. Ronquillo is also being informed by the Defendants in this matter that because he does not have an indeterminate sentence, under Sex Offender Life-Time Sentencing Act (SOLSA), to the CDOC he will never receive the SOTP while he is in the CDOC.

7. Further it is clear that CDOC has a statutory obligation in this matter under CRS 16-11.7-105 (1)[2]. Making this a Condition of his Confinement and amounts to a grievous loss to Mr. Ronquillo and a violation of his rights under the 14th amendment.

---

[2] Stating: "Each adult sex offender and juvenile who has committed a sexual offense sentenced by the court for an offense committed on or after January 1, 1994, **shall be required, as a part of any sentence** to probation, commitment to the department of human services, sentence to community corrections, **incarceration with the department of corrections**, placement on parole, or out-of-home placement to undergo treatment to the extent appropriate to such offender based upon the recommendations of the evaluation and identification made pursuant to section 16-11.7-104 or **based upon any subsequent recommendations by the department of corrections**, the judicial department, the department of human services, or the division of criminal justice in the department of public safety, whichever is appropriate.

8. This matter can be clearly seen when reviewed against Sandin V. Conner, 515 U.S. 472, 484 (1995)

9. Mr. Ronquillo states clearly that this complete denial and refusal of CDOC and the SOMB to provide the SOTP to sex offenders like himself that have determinate sentences is shocking to the conscious of any ley person and further invites the defendants that if they do not believe this to be so to air this complaint on the local news to garner general public opinion.

## Class Definition

Mr. Ronquillo is a United States citizen and resident of the state of Colorado. He is a state prisoner who has been sentenced for a determinate 24 years as a sex offender. Further he was repeatedly denied for discretionary parole for not having completed the SOTP and repeatedly denied for progression to a lower security prison and to community corrections on the grounds that he has not completed the SOTP and this was through no fault of his own.

## Conclusion

In conclusion it is clear that this law sufficiently limits the scoop of the statutory duties of the Colorado Parole Board. They chose to examine Mr. Ronquillo parole eligibility in light of the same release guideline as the SOLSA and offenders who have been sentenced under that act,

which states that indeterminate sentences must progress in treatment prior to release onto parole. Furthermore it is clear that this law is clear and without room for misinterpretation stating clearly that the Board will not use Mr. Ronquillo lack of treatment as grounds for denying his discretionary parole.

As the documents that Mr. Ronquillo has provided in his original filing show there cannot be a question as to the material fact that this situation has occurred, and requests for the Court to use these documents as a Discovery submissions. Therefore the only question is if Mr. Ronquillo is entitled to the fulfillment of this CRS.

Mr. Ronquillo contests that his rights in this matter rightly fall under the 14th amendment and specifically his rights to Procedural Due Process. As stated in Greenholtz v. Inmates of the Nebraska Penal and in the Erie Doctrine, as such he respectfully submits this opening brief for the Courts Judgment.

Mr. Ronquillo would like to make it clear that he is **not** requesting to be paroled and is **not** making any claim to having a liberty interest in being paroled prior to the completion of his valid sentence to the CDOC, thus the *Heck decision* is not applicable. Only in the Due Process right that has sufficiently limited the actions of the parole board that they **CHOSE** to ignore and that their **CHOICE** to take the law into their own hands violates their statutory obligations to the state and as a consequence has caused him personal injury.

**As for Claim 2** this matter has been litigated numerous times and has a clear statutory obligation in which the CDOC and the SOMB are responsible to provide. Sex offender treatment has been ruled to be both constitutional and a requirement under the conditions of confinement. Such as in *LeRner V. Stancil, 2023*[3] and as such Mr. Ronquillo has a clear right to receive SOTP

---

[3] LeRner v. Stancil, 2023 U.S. Dist. LEXIS 90078 it states clearly: Defendants' related argument that Plaintiffs have

under the 8th and 14th amendments.


Respectfully Submitted,

_____
Mr. Jesus Ronquillo

3-28-25
(Date)

---

no liberty interest in treatment [*30] because treatment will not "inevitably affect" their sentences, [id. at 7], is also **misplaced as it focuses on the duration of Plaintiffs' sentences, rather than upon the conditions of confinement.**

COLORADO DEPARTMENT OF CORRECTIONS
LEGAL ACCESS PROGRAM
## REQUEST FOR PRISONER ELECTRONIC SCANNING (PEF) | COVER PAGE

INCOMPLETE FORMS WILL BE DENIED.   TODAY'S DATE: 3-28-25

LAST NAME: Ronquillo   FIRST INITIAL: J   DOC#: 153307

FACILITY: FCF   HOUSING UNIT: 7   TIER: 1   CELL: N-112

STATE THE TYPE OF DOCUMENT BEING SENT:

☒ 42 USC §1983 INITIAL COMPLAINT (FORM=6 PGS.) TOTAL PGS. BEING SENT: 14

☐ 28 USC §1915 INFORMA PAUPERIS 1983 COMPLAINT (FORM=4 PGS) TOTAL PGS. BEING SENT: ___

☐ 28 USC §2241 APPLICATION FOR A WRIT OF HABEAS CORPUS (FORM=4PGS) TOTAL PGS. BEING SENT: ___

☐ 28 USC §2254 APPLICATION FOR A WRIT OF HABEAS CORPUS (FORM=6PGS) TOTAL PGS. BEING SENT: ___

☐ 28 USC §2255 APPLICATION FOR A WRIT OF HABEAS CORPUS (FORM=5 PGS) TOTAL PGS. BEING SENT: ___

☐ 28 USC §1915 INFORMA PAUPERIS FOR HABEAS (FORM=2PGS) TOTAL PGS. BEING SENT: ___

☐ Other, please list document(s) here with page number for each document:
_____
_____

*OFFENDER MUST PROVIDE COURT ORDER TO CURE DEFICIENCIES TO LEGAL ASSISTANT
☐ CHECK HERE IF THIS IS AN AMENDED COMPLAINT _____
☐ CHECK HERE IF THIS IS IN RESPONSE TO CURE DEFICIENCY _____

OFFENDER SIGNATURE: [signed] Ronquillo
(Sign on this line)

DO NOT WRITE BELOW THIS LINE
Date Request Received: MAR 2 8 2025   Facility Law Library: FCF   Legal Assistant's Initials: [initials]
TOTAL PAGES WITH THIS FAX, INCLUDING THIS COVER PAGE: 15 pgs

Your request has been DENIED: _____ in whole _____ in part for the following reason(s):
___ Your request form was not properly completed (Missing required signature, last name, first initial, full cell location, facility, unit, tier, cell, DOC #, date, etc.)
___ The material you have submitted does not meet program definitions of legal material, as described in AR 750-01.
___ Your PEF request exceeds the page limit established by the Legal Access Program (see attached). Also see posted PEF policies.
___ You have not submitted the documents to be scanned.
___ The Legal Access Program will not allow scanning/transmission of ARs, IAs, OMs, case law, statutes, court rules, session laws, or material contained in the law library, even as attachments/exhibits.(Exception for non-published case law to be attached to a pleading.)
___ The Legal Access Program will not allow scanning/transmission of transcripts, electronic or paper media, including but not limited to transcripts, court records, and discovery from courts or attorneys, incomplete documents, altered documents, and/or blank forms.
___ The Legal Access Program will not allow scanning/transmission of non-original documents, previously-copied/scanned documents, incoming correspondence, or documents (account statements, mittimus, etc.), grievances, COPD appeals; except as exhibits attached to an original pleading being filed with the court. Your pleading must include a statement referring to the attached exhibits in order for them to be scanned/transmitted.
___ The Legal Access Program will not allow scanning/transmission of documents which have any substance on them (such as dirt, food, coffee, hair, bodily secretions, glue, tape, toothpaste, etc.
___ Documents containing UCC/Sovereign citizen statements or signatures will not be allowed to be scanned/transmitted.
___ You may bring your request into compliance and resubmit.
Other: _____

METER END: _____   MINUS (-) METER BEGIN: _____   EQUALS (=) TOTAL ADMIN COPIES: _____